[No. A118081. First Dist., Div. Two. Aug. 29, 2008.]

THE PEOPLE, Plaintiff and Appellant, v.
NICOLAY Y. MGEBROV, Defendant and Respondent.

580

COUNSEL

Edmund G. Brown, Jr., Attorney General, Amy Haddix, Deputy Attorney General, Kamala D. Harris, District Attorney, and Laura L. Zunino, Assistant District Attorney, for Plaintiff and Appellant.

John J. Doyle, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**LAMBDEN, J.**—The People seek reversal of the trial court's order dismissing the accusatory pleading of defendant Nicolay Y. Mgebrov pursuant to Penal Code section 1203.4, subdivision (a), which the court issued after concluding that two of defendant's three convictions were eligible for the relief provided in section 1203.4.[1] The People argue reversal is necessary because the trial court exceeded its statutory authority, since defendant, as a result of his third conviction, for a sex offense pursuant to section 288, was not eligible for section 1203.4 relief regarding any of his three convictions. We conclude section 1203.4 permits the dismissal of individual counts, but that the court's order contains errors. We vacate the trial court's order and remand with instructions to the trial court to enter an order correcting certain errors discussed in this opinion, and affirm the court's ruling in all other respects.

## BACKGROUND

In 1999, defendant was convicted after jury trial of all three counts alleged by the People in their information. These were the committing of a lewd and lascivious act involving a child under the age of 15, who was at least 10 years younger than defendant, a felony in violation of section 288, subdivision (c)(1); sexual battery, a felony in violation of section 243.4, subdivision (a); and resisting a peace officer in violation of section 148, subdivision (a). The court suspended the execution of a

---

[1] All further unspecified statutory references are to the Penal Code.

three-year eight-month prison sentence and ordered, among other things, that defendant be placed on probation for a period of five years conditioned on service of one year in county jail, with credit for time served.

In March 2007, defendant moved for relief pursuant to section 1203.4, subdivision (a). Defendant, after referring to his convictions for sexual battery and resisting a peace officer, prayed "that the plea of guilty be set aside, a plea of not guilty be entered, that the accusatory pleading be dismissed, and the [defendant] be released from all penalties and disabilities resulting from said offense pursuant to section 1203.4 of the Penal Code." Defendant's moving papers did not mention his third conviction, for the commission of a lewd and lascivious act involving a child under the age of 15, a violation of section 288, subdivision (c)(1).

At the hearing on the motion, the court was informed of the section 288 conviction, and granted the People a continuance to determine whether section 1203.4 relief could be applied "when you have one conviction with several charges." At the subsequent hearing the People argued that the court could not dismiss the sexual battery count because the court had imposed a single probationary period for this and the section 288 offense, and because "the whole point of section 1203.4" was that, upon a defendant's successful completion of probation, "you dismiss the case. You don't dismiss charges. There is nothing in the language that says you can pick and choose among the charges. The case is a case as a whole." Defendant responded that section 1203.4 authorized the court to dismiss individual counts, and that the court should do so for the two counts identified in defendant's motion. The court then granted the motion, stating as to the sexual battery and resisting a peace officer counts that "the guilty pleas are set aside, not guilty pleas are entered. Matter is dismissed, 1203.4." The court stated that the section 288 count was statutorily not eligible for that relief. Defendant's counsel responded, "we don't have a motion as to" that count. The court replied, "Correct. And it's denied in any event. It is just not appropriate to grant on that."

The court's subsequent written "order of dismissal pursuant to Penal Code section 1203.4" referred to petitioner's two convictions, that "[p]etitioner has fulfilled the conditions of probation for the entire period of probation; rehabilitated therefore; the court, in [its] discretion finds that in the interest of justice that the guilty plea should be withdrawn, a not guilty plea entered and the matter thereafter dismissed." The court ordered that defendant "be permitted to withdraw the plea of guilty and that a plea of not guilty be entered," "that the accusatory pleading against [defendant] be dismissed," and that defendant "be released from all penalties and disabilities resulting from the conviction pursuant to Penal Code section 1203.4."

The People filed a timely notice of appeal of the trial court's ruling. We also asked for, and received, additional briefing from the parties regarding the construction of section 1203.4 in light of the language contained in section 1203.45, subdivision (d), as well as regarding certain trial court errors in its written order.

## DISCUSSION

■ Generally, section 1203.4 "allows for probationers to have their convictions set aside and the accusations against them dismissed, and similarly provides that, with specified exceptions, such a defendant 'shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1228 [108 Cal.Rptr.2d 610, 25 P.3d 1090].) With certain exceptions, a court is required to grant the defendant the relief he requests if the defendant has fulfilled the conditions of his probation for the entire period. (*People v. Field* (1995) 31 Cal.App.4th 1778, 1787 [37 Cal.Rptr.2d 803].)

■ " 'A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so [citations].' " (*People v. Field, supra*, 31 Cal.App.4th at p. 1787.) However, such relief " 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is " 'released from all penalties and disabilities resulting from the offense.'. . . 'That final judgment of conviction is a fact; and its effect cannot be nullified . . . by . . . the . . . order dismissing the action after judgment.' " (*People v. Vasquez, supra*, 25 Cal.4th at p. 1230.) Furthermore, "[o]ur courts have drawn a distinction between penalties imposed on a felon as further punishment for the crime, as to which vacation under Penal Code section 1203.4 generally affords relief, and nonpenal restrictions adopted for protection of public safety and welfare." (*Ibid.*)

■ The People's appeal focuses on the Legislature's 1997 amendment of section 1203.4[2] to exclude in subdivision (b) certain offenses from the relief afforded in subdivision (a), including any violation of section 288. (§ 1203.4, subds. (a), (b); Historical and Statutory Notes, 50D West's Ann. Pen. Code (2004 ed.) foll. § 1203.4, p. 554.) This "ban on expungement of convictions

---

[2] Section 1203.4 was enacted in 1935, and has been amended numerous times since. (See Historical and Statutory Notes, 50D West's Ann. Pen. Code (2004 ed.) foll. § 1203.4, pp. 553–554.) Prior to 1935, section 1203 provided relief akin to that provided in section 1203.4. (See *People v. Mackey* (1922) 58 Cal.App. 123, 128–129 [209 P. 135].)

under section 288 is consistent with the policy of public disclosure. Our Legislature has determined that public safety is enhanced if those having been convicted of child molestation are not able to truthfully represent that they have no such conviction. The intent of the Legislature in prohibiting expungement is not punishment but public safety." (*People v. Acuna* (2000) 77 Cal.App.4th 1056, 1060 [92 Cal.Rptr.2d 224].)

The People argue that the trial court's ruling is in error because the plain language and legislative history of section 1203.4, as well as relevant case law, establish that defendants convicted on multiple counts are not entitled to subdivision (a) relief at all if any one of these counts involved a section 288 violation. Defendant disagrees. Neither party, nor our independent research, has found a case discussing this particular issue. Therefore, we consider this to be a case of first impression.

■ Interpretation of a statute is reviewed de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) As this court has previously stated, in determining the meaning of a statute, " '[w]e begin with the fundamental rule that our primary task is to determine the lawmakers' intent.' " (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082 [36 Cal.Rptr.3d 650] (*MacIsaac*).) We are required " ' "to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences." ' " (*Quintano v. Mercury Casualty Co.* (1995) 11 Cal.4th 1049, 1055 [48 Cal.Rptr.2d 1, 906 P.2d 1057].) "The process of interpreting the statute to ascertain that intent may involve up to three steps . . . ." (*MacIsaac,* at p. 1082.) That is, " 'we first look to the plain meaning of the statutory language, then to its legislative history and finally to the reasonableness of a proposed construction.' " (*Ibid.*) Accordingly, we turn first to the text of section 1203.4.

I. *The Plain Meaning of Section 1203.4*

■ In determining the Legislature's intent, " 'a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. . . . The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.' " (*Quintano v. Mercury Casualty Co., supra,* 11 Cal.4th at p. 1055.) We are to give the words of a statute " 'plain and commonsense meaning' " unless the statute specifically defines the words to give them a special meaning. (*MacIsaac, supra,* 134 Cal.App.4th at p. 1083.)

Section 1203.4, subdivision (a) states in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery."

We conclude that the plain and commonsense meaning of the text of section 1203.4, subdivision (a), supports the trial court's ruling. Subdivision (a) requires that "[i]n any case" in which a defendant has successfully completed probation and is not subject to any pending sentence, offense, probation, or criminal charge, the trial court "shall set aside the verdict of guilty," and "shall thereupon dismiss the *accusations or information* against the defendant," who, subject to certain exceptions, "shall thereafter be released from all penalties and disabilities resulting from *the offense* of which he or she has been convicted . . . ." (§ 1203.4, subd. (a), italics added.) These italicized references plainly indicate the relief authorized in this subdivision applies to specific offenses. The word "accusations," coupled with "information," only makes sense as a reference to particular accusations made *within* an information, such as regarding individual counts. The reference to "offense of which he or she has been convicted" further makes plain that the subdivision is "offense-specific."

Furthermore, section 1203.4, subdivision (a), subject to certain conditions, authorizes courts to act not only "[i]n any case" involving a defendant's completion of, or discharge from, probation, but also "in any other case in which a court, in its discretion and the interests of justice, determines that a

defendant should be granted the relief available under this section." Thus, the Legislature gave the courts considerable flexibility in their application of the statute. The inclusion of this discretionary authority in subdivision (a) further supports the conclusion that the trial court could grant relief for some, but not all, counts. The trial court appropriately relied on this discretion in its written order.

The language of section 1203.4, subdivision (b), which contains the Legislature's 1997 amendment excluding relief for certain offenses, states that "[s]ubdivision (a) of this section does not apply to" a number of different misdemeanors and violations, including "any violation of . . . Section 288."[3] This explicit barring of relief for particular offenses is consistent with the language in subdivision (a) itself, and confirms the Legislature's intention that the relief provided in section 1203.4 is offense specific.

■■■ Our reading of section 1203.4 also is consistent with the language of a related statute. "In testing a proposed interpretation we must also consult the text of associated and related statutes, attempting to identify the role of each in the larger system of laws." As we have indicated, " '[e]very statute should be construed with reference to all other statutes of similar subject so that each part of the law as a whole may be harmonized and given effect.' [Citation.] '. . . Accordingly, statutes which are in pari materia should be read together and harmonized if possible.' " (*People v. Frawley* (2000) 82 Cal.App.4th 784, 789–790 [98 Cal.Rptr.2d 555].) As the People point out in their reply brief, section 1203.45 provides that when a person who was a minor at the time of a commission of a misdemeanor "is eligible for, or has previously received, the relief provided by Section 1203.4 . . . that person, in a proceeding under Section 1203.4 . . . or a separate proceeding, may petition the court for an order sealing the record of conviction and other official records in the case . . . ." (§ 1203.45, subd. (a).) Furthermore, section 1203.45, subdivision (a), provides that if a court grants the relief sought, "the conviction, arrest, or other proceeding shall be deemed not to have occurred, and the petitioner may answer accordingly any question relating to their occurrence."[4] However, by its own terms, section 1203.45 "does not apply to

---

[3] The full text of section 1203.4, subdivision (b) reads: "Subdivision (a) of this section does not apply to any misdemeanor that is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, to any violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, any felony conviction pursuant to subdivision (d) of Section 261.5, or to any infraction."

[4] This is significantly different from what is allowed in section 1203.4, subdivision (a), which provides that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed," and makes clear that a defendant is not relieved of certain obligations to disclose the conviction, even after it has been set aside. (§ 1203.4, subd. (a).)

a person convicted of more than one offense, *whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred* or in another action," with some exceptions. (§ 1203.45, subd. (d), italics added.) This italicized language makes clear that if a court acts pursuant to section 1203.4, subdivision (a), to set aside a misdemeanor conviction received by a defendant as a minor and dismiss the underlying accusations, the defendant may not petition the court for the relief provided in section 1203.45, subdivision (a), if this misdemeanor conviction is one of multiple convictions received in the same case. In other words, section 1203.45, subdivision (d), limits the relief provided in section 1203.45, subdivision (a), with certain exceptions, to cases in which defendants, as minors, were convicted of only one misdemeanor offense. The Legislature would have no need to state this limitation unless it intended section 1203.4, subdivision (a), to authorize a trial court to set aside one of multiple convictions in the same case.

The People make a number of arguments in support of their view that section 1203.4 authorizes dismissals of entire cases only. First, they contend that "dismissal of the 'accusations or information' in a case suggests that the relief provided" is "dismissal of the entire accusatory pleading, not simply individual charges in the accusatory pleading," and elsewhere contend that "accusations" "could be construed to apply to a complaint, indictment, or proceeding pursuant to Government Code section 3060 . . . ." Government Code section 3060 does refer to an "accusation in writing against any officer of a district, county, or city . . . for willful or corrupt misconduct in office," which may be presented to a grand jury. (Gov. Code, § 3060.) However, this suggested meaning of "accusation" does not explain the use of the plural "accusations," particularly when, as the People point out, section 1203.4, subdivision (a), also includes two references to the singular "accusation."[5] Indeed, the People concede that the reference to "accusations" "could be construed to apply . . . to *individual charges*" in a complaint, indictment, or proceeding pursuant to Government Code section 3060. (Italics added.) We think its plain and commonsense meaning is a reference to individual charges in an accusatory pleading, and follow the "fundamental rule" that we " 'give meaning to every word of a statute if possible, and . . . avoid a construction making any word surplusage.' " (*Big Creek Lumber Co. v. County of Santa Cruz* (2006) 38 Cal.4th 1139, 1155 [45 Cal.Rptr.3d 21, 136 P.3d 821].) Therefore, we reject the People's argument.

---

[5] In addition to the reference to "accusation" in section 1203.4, subdivision (a), that we quote herein, the subdivision also provides that "[d]ismisssal of an accusation or information" does not permit a person to own or possess a firearm or prevent conviction under section 12021.

Next, the People contend that "[s]everal courts have recognized that the benefit conferred upon a person who meets the criteria of section 1203.4[, subdivision (a),] is dismissal of the entire accusatory pleading, which is dismissal of the whole case." While the discussions they cite[6] refer in one way or another to the dismissal of an entire pleading or case, none involves a request for relief regarding one of multiple guilty verdicts or counts, nor contains any meaningful analysis bearing on the issue. They are dicta that do not bear upon the issue before us.[7]

The People also argue that the language of section 1203.4, subdivision (c), supports the conclusion that the dismissal of the entire accusatory pleading is the benefit conferred under section 1203.4, subdivision (a). Under subdivision (d), a person who petitions for relief may be required to reimburse the court and the county at a certain rate for the actual costs of services rendered, "whether or not the petition is granted and the records are sealed or expunged." (§ 1203.4, subd. (d).) The People argue that this somehow demonstrates relief must be applied to the whole case rather than to individual charges, and contend that "[i]t is difficult to conceive how records in a single case file could be parsed out and partially 'sealed or expunged' with respect to some charges and not others in an accusatory pleading, since the charges often will arise from the same set of facts and circumstances." This argument is not relevant because section 1203.4 does not require that records be sealed or expunged; indeed, section 1203.45, indicates the Legislature saw good reasons for not doing so, at least with regard to misdemeanors committed by minors, when all charges in a case are not dismissed.

Furthermore, the People, noting, as we have, that a statute should be construed with reference to related statutes (*People v. Frawley, supra,* 82 Cal.App.4th at p. 789), argue that section 4852.01, subdivision (c), supports the conclusion that section 1203.4 provides for dismissal of the entire accusatory pleading only. Section 4852.01, subdivision (c) provides: "Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, *the accusatory pleading of which has been dismissed pursuant to Section 1203.4,* may file a

---

[6] The People cite *Stephens v. Toomey* (1959) 51 Cal.2d 864, 870–871 [338 P.2d 182], *People v. Chandler* (1988) 203 Cal.App.3d 782, 787 [250 Cal.Rptr. 730], *People v. Ansell* (2001) 25 Cal.4th 868, 879, footnote 19 [108 Cal.Rptr.2d 145, 24 P.3d 1174] (*Ansell*) (also noting that under § 1203.4, subd. (a), a defendant is " 'released from all penalties and disabilities resulting from *the offense* of which he or she has been convicted.' " (italics added)), and *People v. Lewis* (2006) 146 Cal.App.4th 294, 298 [53 Cal.Rptr.3d 40].

[7] Indeed, we have found in our independent research a reference by our Supreme Court to section 1203.4 as authorizing the dismissal of a "charge" rather than an accusatory pleading. (*People v. Banks* (1959) 53 Cal.2d 370, 388 [1 Cal.Rptr. 669, 348 P.2d 102] [referring to § 1203.4 as "the statutory procedure which results in dismissal of a charge as to a defendant who has successfully completed probation"].) This too is inconclusive dicta.

petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since *the dismissal of the accusatory pleading* and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition." (Italics added.)

The People argue that the references to the dismissal of "the accusatory pleading" pursuant to section 1203.4 contained in section 4852.01 describe the relief available in that statute. Section 4852.01 is concerned with petitions for certificates of rehabilitation and pardons, a different subject matter than that of section 1203.4. Although the issue is not before us, the references to dismissal of "the accusatory pleading" pursuant to section 1203.4 appear to indicate that section 4852.01 relief is not available to persons who have individual charges within a case dismissed via section 1203.4, but that does not mean these references define the scope of relief available under section 1203.4. If anything, their inclusion in section 4852.01, but not in section 1203.4, highlights that the Legislature did not limit section 1203.4 dismissals to "accusatory pleadings." Therefore, this argument also is unpersuasive.

Finally, the People disagree with our view that section 1203.45, subdivision (d), indicates the Legislature intended that a trial court have the authority to set aside a single conviction in a multiple conviction case pursuant to section 1203.4, subdivision (a). The People make three arguments, none of which is persuasive. First, the People argue that section 1203.45, subdivision (d), is concerned with the *number* of convictions, while section 1203.4, subdivisions (a) and (b), are concerned with the *nature* of the conviction or convictions. Therefore, "[i]t does not make sense to insert the language of section 1203.45, subdivision (d) . . . into section 1203.4, subdivision (b) because section 1203.4 relief is not dependent on the number of convictions." However, we are not inserting the language of section 1203.45, subdivision (d), into section 1203.4, subdivision (b). We are seeking to harmonize and give effect to statutes of similar subject. (*People v. Frawley, supra*, 82 Cal.App.4th at p. 789.) The People's "number" versus "nature" distinction has no bearing on the fact that section 1203.45, subdivision (d), presumes that a court may set aside one of multiple convictions in the same case under section 1203.4.

Second, the People argue that the absence of language in section 1203.4, subdivision (b), like that contained in section 1203.45, subdivision (d), does not defeat their contention that a disqualifying conviction prevents dismissal of *any* conviction pursuant to section 1203.4, subdivision (a), because such language is not necessary under their interpretation of the statute. This is

unpersuasive because whether or not the Legislature included such language is not relevant to how to harmonize and give effect to the two statutes as they are stated.

Finally, the People argue that if we find the language of section 1203.4, subdivisions (a) and (b) unclear, we should rely upon the legislative history. We do not find the language unclear, however. In any event we disagree with the People's interpretation of the legislative history as well.

■ In short, the plain and commonsense meaning of the text of section 1203.4 indicates trial courts may set aside guilty verdicts on individual counts in an information and dismiss the counts pursuant to section 1203.4, subdivision (a). Therefore, we affirm the trial court's ruling.[8]

## II. *Legislative History*

■ We do not need to engage in the second level of statutory interpretation, an examination of extrinsic aids such as the legislative history of section 1203.4 because, "[i]f the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*MacIsaac, supra,* 134 Cal.App.4th at p. 1083.) Accordingly, we only briefly address the legislative history the People present to us and their arguments, which we also find unpersuasive.

As a preliminary matter, we consider the People's request for judicial notice of five legislative history documents, all reporting on Assembly Bill No. 729 (1997–1998 Reg. Sess.). These reports are from the Senate Committee on Public Safety, the Assembly Committee on Public Safety, and the Senate Rules Committee, as well as enrolled bill reports by the Office of Criminal Justice Planning and the Youth and Adult Correctional Agency. We grant the request regarding these documents.[9] We note, however, that while enrolled bill reports by a responsible agency contemporary with passage of a bill and prior to its signing may be instructive as to legislative intent, they are not given great weight. (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 934, fn. 19 [22 Cal.Rptr.3d 530, 102 P.3d 915].)

The People note that in its 1997–1998 regular session, the Legislature, in Assembly Bill No. 729, amended sections 4852.01 and 1203.4, including to

---

[8] Defendant also argues without citation to the record that the trial court would have dismissed his section 288 conviction if it had the legal authority to do so. The People disagree. We fail to see the relevance of this argument, if true, but have no need to address it in light of our rulings herein.

[9] We also grant the People's request that we take judicial notice of our opinion regarding defendant. (*People v. Mgebrov* (June 5, 2001, A090424) [nonpub. opn.].)

prohibit certain relief for those convicted of section 288 violations in section 1203.4, subdivision (b). The People contend that various statements in the legislative history show the Legislature intended that such offenders would not only be unable to expunge their section 288 conviction, but also would be unable to expunge any other convictions from the same case. We disagree. All five of the legislative history documents that we have reviewed at the People's request state that section 1203.4, prior to amendment, provided that a person who successfully completed probation could obtain dismissal of "the *accusations* or information" and thereby be "released from all penalties and disabilities *resulting from the offense,* except as specified." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) as amended May 5, 1997, p. 2; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) Apr. 22, 1997, p. 1; Off. of Crim. Justice Planning, Enrolled Bill Rep. on Assem. Bill No. 729 (1997–1998 Reg. Sess.) p. 1; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) p. 1; Youth and Adult Correctional Facility, Enrolled Bill Rep. on Assem. Bill No. 729 (1997–1998 Reg. Sess.) p. 1, italics added.) Furthermore, the author of Assembly Bill No. 729 is quoted in an Assembly Committee analysis as stating that "[t]he crimes committed by these individuals create[s] a serious harm to victims and society as a whole. For that reason, they should not have the opportunity to have *these convictions* dismissed for any reason." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) Apr. 22, 1997, p. 1, italics added.) The analysis also cites the author's statement that the bill would eliminate "the ability of a person convicted of *specified sex offenses* to be entitled to withdraw his or her *guilty plea* . . . ." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) as amended May 5, 1997, p. 3, italics added.) These statements demonstrate that the Legislature viewed the relief provided by section 1203.4 to be offense specific, both before and after the 1997 amendment.

The People argue the legislative history shows an intent to prohibit any relief under section 1203.4 to the designated sex offenders, but their cited statements in the history do not establish this intent because they are not necessarily inconsistent with offense-specific relief. For example, the People point to the Senate Public Safety Committee analysis statement that the "key issue" of Assembly Bill No. 729 (1997–1998 Reg. Sess.) was, "Should specified sex offenders be statutorily ineligible for expungement, as specified?" (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) as amended May 5, 1997, p. 1, capitalization omitted.) The qualification of "as specified" indicates a recognition that the amendment's scope is limited to the offenses it designates.

The People also refer to the bill author's statement in an analysis by the Assembly Committee on Public Safety that it is "wishful thinking to assume

that a sex offender, simply by obeying the terms of their probation, has been rehabilitated and no longer poses a threat to society." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) Apr. 22, 1997, p. 1.) This also does not necessarily mean relief for other offenses is prohibited.

The People quote from elsewhere in this Assembly Committee analysis, and from a report by the Office of Criminal Justice Planning, that "[g]iven the devastating effects of these crimes on the victims and communities, the public is not protected by permitting convicted child molesters to have *any part* of their records expunged." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997–1998 Reg. Sess.) Apr. 22, 1997, p. 3; Off. of Crim. Justice Planning, Enrolled Bill Rep. on Assem. Bill No. 729 (1997–1998 Reg. Sess.) p. 2, italics added.) This language, read in the context of a discussion about amending section 1203.4 to prohibit relief for certain offenses, does not establish that the Legislature intended that section 1203.4 relief is "*offender-specific*," as the People suggest. It also is taken from a section of the report presenting the views of the Sacramento County District Attorney's Office, making it tangentially relevant to an exploration of legislative intent. The People also cite several similar, if less emphatic statements here and there in the documents, to argue that section 1203.4 is offender specific, which are equally unpersuasive.

The People further argue that the legislative history evidences an intent to avoid the waste of resources investigating and litigating section 1203.4 petitions, and reduce the congestion of our courts. These goals are also aided by offense-specific relief, however.

Finally, the People argue that, in light of the Legislature's public safety concerns, we should consider that permitting expungement of part of a sex offender's record of conviction would diminish public safety because exempted sex offenders could misrepresent "to family, friends, and private employers" the nature, number, and extent of charges of which they were convicted in an accusatory pleading. This argument is more of a public policy argument than one rooted in the legislative history. It ignores that section 1203.4, subdivision (a), requires certain disclosures, including in subsequent prosecutions, and "in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery." (§ 1203.4, subd. (a).) Furthermore, as the People note, the Second Appellate District has determined that "[t]he ban on expungement of convictions under section 288 is consistent with the policy of public disclosure. Our Legislature has determined that public safety is enhanced *if those having been convicted of child molestation* are not able to truthfully represent that they have *no such*

*conviction.*" (*People v. Acuna, supra,* 77 Cal.App.4th at p. 1060, italics added.) In other words, the Second District viewed the Legislature's intent to be of an offense-specific nature. Thus, the People's public safety argument is also unpersuasive.

## III. *People v. Ansell*

The People argue that the decision in *Ansell, supra,* 25 Cal.4th 868, "buttresses" its view about section 1203.4. *Ansell* determined that the 1997 amendment to section 4852.01 could be applied to deny a certificate of rehabilitation to a person who had committed sex offenses prior to its enactment without violating the ex post facto prohibition. As a part of its discussion, our Supreme Court analyzed the relevant legislative history, which also involved the amending of section 1203.4. The People contend that *Ansell*'s result means "that the existence of disqualifying offenses precluded relief under section 4852.01 is equally applicable to section 1203.4." They argue that, just as a person cannot seek a certificate of rehabilitation on one charge but not another under *Ansell,* "[i]t is illogical to conclude that a convicted sex offender like defendant could be found 'rehabilitated' on the section 243[.4, subdivision] (a) charge so that part of his record could be expunged under section 1203.4, while simultaneously being ineligible for expungement on the section 288[, subdivision] (c)(1) charge, since both charges arose from the same set of facts and were charged in the same accusatory pleading."[10] We disagree. Sections 4852.01 and 1203.4 serve significantly different purposes, the former providing for certificates of rehabilitation, while the latter affecting criminal " 'penalties and disabilities' " that, as the Supreme Court in *Ansell* noted, "have been carefully defined and limited under relevant statutory and decisional law." (*Ansell, supra,* 25 Cal.4th at p. 879, fn. 19.) Allowing section 1203.4 relief for those offenses not disqualified by the Legislature is not necessarily illogical in light of these differences. In any event, the Legislature had made its intent clear by the plain and commonsense language used in section 1203.4 and the related section 1203.45. It is not our role to declare its treatment of the subject matter logical or illogical, but simply to discern its intent.

## IV. *The Trial Court's Order*

In reviewing the trial court's order, we conclude it contains certain errors that should be corrected. In their supplemental briefing to this court, the parties acknowledge these errors. We vacate the order and remand this matter with instructions to the trial court to correct them.

■ "[A] court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario*

---

[10] Defendant was convicted of sexual battery pursuant to section 243.4, subdivision (a).

(1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered corrections of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [109 Cal.Rptr.2d 303, 26 P.3d 1040].)

The trial court, by its reference in its order to defendant's previous convictions for violating sections 243.4, subdivision (a), and 148, subdivision (a), made clear its intent to act pursuant to section 1203.4 with regard to these particular convictions. However, it ordered that defendant "be permitted to withdraw the plea of guilty and that a plea of not guilty be entered," and "that the accusatory pleading against [defendant] be dismissed." The court also ordered that defendant "be released from all penalties and disabilities resulting from the conviction pursuant to Penal Code section 1203.4," and that he remain obligated to disclose "the conviction" as required by section 1203.4, subdivision (a).

The court erred because, as the court acknowledged by its reference to defendant's previous convictions, the record indicates defendant was found guilty by a jury of violating the two Penal Code provisions. Therefore, the court, to properly effectuate its order, should have ordered that defendant's guilty verdicts for violating sections 243.4, subdivision (a), and 148, subdivision (a) be set aside, rather than allow withdrawal of a "guilty plea" and entry of a "plea of not guilty."

The court also erred by ordering dismissal of the "accusatory pleading." Defendant was also charged with violating section 288, which charge cannot be dismissed pursuant to section 1203.4, subdivision (b). The court should have entered an order dismissing only those counts accusing defendant of violating sections 243.4, subdivision (a), and 148, subdivision (a), without dismissing the remainder of the accusatory pleading.

Finally, the court, in referring to defendant's release from all penalties and disabilities and to his ongoing duty of disclosure, should have clarified what it was referring to by its references to "the conviction." The court should specifically refer to defendant's convictions for violations of sections 243.4, subdivision (a), and 148, subdivision (a), so as to avoid any impression that defendant's section 288 conviction is affected by its order.

## DISPOSITION

The trial court's order is vacated and this matter remanded to the trial court with instructions to enter a new order that is consistent with this opinion. The trial court's ruling is affirmed in all other respects.

Kline, P. J., and Richman, J., concurred.