Filed 5/21/14  P. v. Vaca CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059218 |
| v. | (Super.Ct.No. RIF148945) |
| WILLIAM VACA, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.

Reversed and remanded with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Andrew Mestman, and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## STATEMENT OF THE CASE

On July 15, 2009, an information charged defendant and appellant William Vaca with deterring an executive officer in the performance of his duties under Penal Code[1] section 69 (count 1); and street terrorism under section 186.22, subdivision (a) (count 2). The information also alleged that defendant committed count 1 for the benefit of, at the direction of, and in association with a criminal street gang, under section 186.22, subdivision (b).

On March 10, 2010, the trial court gave defendant the following indicated sentence:

"I've indicated if you were to plead guilty, I'd be fine to grant you probation and sentence you to 180 days straight. If you successfully complete 18 months of your probation, and I do mean successfully, no violations, pay your fines that you're supposed to be paying, report to probation, do everything required, stay out of trouble, then at the end of 18 months, I will reduce the charge to a misdemeanor.

"I have discretion to do so, and I've reviewed a number of facts including the facts of this case, the circumstance regarding your background and character, and when we come to that point, I am permitted to look at your characteristics. And part of what I'm going to look at is how you've been for the last 18 months. That's one of the factors.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

But I'm inclined to do it based on what I know now, and if you show me a good character. Because the rules that talk about the Court having discretion to make a matter into a misdemeanor, you're supposed to look at the person's characteristics.

"Right now, amongst other things, when I look at you, I'm not willing to make a misdemeanor given when [sic] I know about the offense and what I know about your activity. But if you show me good activity, and over the next 18 months I'm – – you know a good effort on your probation. I'm also aware at this point you don't have any prior record. I think you're right at a critical point in your life where you have to decide, frankly, if you're going to be a tough guy and probably end up spending your whole life in prison, or if you're going to stop with a misdemeanor and be out of the system. That's really where I think you are."

After making these remarks, the court asked defendant whether this was his understanding of the "indicated sentence." Defendant affirmed that it was.

Immediately thereafter, defendant pled guilty as charged. In return, the plea form provided that upon successful completion of probation and after 18 months, the court would reduce the two counts to misdemeanors under section 17, subdivision (b). Defendant further agreed to serve 180 days in custody. The prosecution did not sign the plea agreement.

During the plea colloquy, defense counsel sought to clarify on the record that "when and if it was 17(b)," count 1 would be reduced to a misdemeanor, the enhancement would "drop off" and count 2 would also be reduced. The trial court affirmed that this understanding was correct.

3

After accepting defendant's plea, the trial court suspended imposition of sentence and placed defendant on 36 months' probation, which included as a condition that he serve 180 days in local custody.

On June 3, 2013, three years and three months after sentencing, defendant filed a petition for dismissal, requesting that the charges be reduced to misdemeanors under section 17, subdivision (b), and expunged under section 1203.4. In the petition, defendant indicated that he "has fulfilled the conditions of probation for the entire period thereof[.]

The People objected to the motion "due to the nature of the charges." The opposition also pointed out that the case involved a plea to the court, and not an agreed-upon plea bargain. The People asserted that the section 186.22, subdivision (b), allegation could not be reduced under section 17, subdivision (b).

The trial court denied defendant's motion. The order stated that section "186.22b cannot be reduced." Defendant filed a timely notice of appeal.

## II

## ANALYSIS

Defendant contends that the trial court erred in denying his petition to reduce the charges to misdemeanors and to dismiss them. He also claims that he is entitled to specific performance of those benefits because they were promised to him when he entered his guilty plea. The People concede that the trial court relied on an improper ground to deny the motion as to count 1, and failed to rule on count 2 or dismissal of the charges. The People, however, contend that defendant is not entitled to specific

4

performance because there was never any plea agreement. The People claim that the proper remedy would be to remand this case to the trial court for a proper ruling. We agree with the People.

Section 17, subdivision (b), provides that a wobbler punishable either as a felony or a misdemeanor constitutes a misdemeanor "for all purposes" when, among other things, "the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).)

A trial court's decision whether to reduce a wobbler to a misdemeanor under this section is reviewable for abuse of discretion. (See *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 976-977.) A trial court abuses its discretion under the amended scheme if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) By its terms, section 17, subdivision (b), "sets a broad generic standard." (*Alvarez*, *supra*, 14 Cal.4th at p. 977.)

In *People v. Feyrer* (2010) 48 Cal.4th 426, the Supreme Court held that a defendant's admission to an enhancement for personal infliction of great bodily injury did not automatically convert a wobbler for assault by means of force likely to cause great bodily injury under section 245, subdivision (a), into a straight felony. The court reasoned as follows:

"Because the statute setting forth defendant's substantive offense does not prescribe a state prison sentence whenever the additional factual allegation (here in the

5

form of a separate punishment enhancement) has been established, defendant's admission of that allegation did not automatically convert his offense to a straight felony. Accordingly, defendant's offense remained within the class of offenses that are subject to reduction upon the occurrence of various events specified in section 17." (*Id.* at p. 444.)

Here, similar to the facts in *Feyrer*, nothing in section 69 provides that deterring an executive officer in the performance of his duties constitutes a straight felony when committed in conjunction with a STEP Act enhancement. Accordingly, under the law, nothing prevented the trial court from exercising its discretion to reduce count 1 to a misdemeanor. The matter, therefore, will be remanded for the trial court to exercise its discretion as to both counts.

In his opening brief, defendant claimed that he was entitled to specific performance of his plea bargain, which requires reducing both charges to misdemeanors and dismissing them under section 1203.4. The People argued that the case should be remanded to the trial court because: (1) the People never entered into the plea agreement; hence, there was no "contract" to be enforced; and (2) the trial court was providing only an indicated sentence. In his reply brief, defendant "agrees that remand is appropriate."

Although defendant agrees that a remand is appropriate, he contends that: (1) the trial court's decision on remand "cannot be determined without giving due deference to the inducement offered by the trial court . . . ."; and (2) "the matter of dismissal of the charges pursuant to Penal Code section 1203.4, subdivision (a), is mandatory under certain circumstances as set forth in *People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584, 589; *People v. McLernon* (2009) 174 Cal.App.4th 569, 571." Because this case is being

6

remanded to the trial court, we need not consider these issues on appeal; the trial court shall take these issues into consideration when rendering its decision.

## III

## DISPOSITION

The trial court's denial of defendant's petition for dismissal is hereby reversed, and the matter is remanded to the trial court for a hearing on the petition for the trial court to exercise its discretion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                                    J.

We concur:


HOLLENHORST _____
          Acting P. J.


CODRINGTON _____
                    J.


7