Filed 12/14/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JAMES ALBERT RICCI,<br><br>     Defendant and Appellant. | A151291<br><br>(Sonoma County<br>Super. Ct. No. SCR22536) |

     This appeal presents the following issue: May a defendant who has suffered both felony and misdemeanor convictions in the same case seek the dismissal of the misdemeanor convictions under section 1203.4a?[1] The Attorney General concedes a felony conviction does not disqualify a defendant from seeking relief as to misdemeanor convictions in the same case. Finding the concession to be appropriate, we reverse the trial court's order denying appellant's petitions for dismissal and direct the court to consider those petitions on their merits.

## I. BACKGROUND

     "[S]ection 1203.4 permits convicted felons or misdemeanants who have been granted probation to petition the court for release from the penalties and disabilities resulting from the conviction after their probationary period has terminated. . . . [¶] . . . [S]ection 1203.4a provides similar relief for persons convicted of misdemeanors and not granted probation." (*People v. Mendez* (1991) 234 Cal.App.3d 1773, 1778.) The relief afforded by these provisions is required when specified conditions are met. (*People v.*

---

[1]      Further statutory references are to the Penal Code unless otherwise indicated.

*McLernon* (2009) 174 Cal.App.4th 569, 574–575; § 1203.4, subd. (a)(1), § 1203.4a, subd. (b).)  In other situations, relief is available in the court's discretion in the interests of justice.  (*Ibid*.)[2]

In 1989, in case number MCR97449, appellant was placed on probation after being convicted of one misdemeanor count of evading a peace officer under Vehicle

_____

[2]     Section 1203.4 provides in relevant part: "(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code."

Section 1203.4a provides in relevant part: "(a) Every defendant convicted of a misdemeanor and not granted probation, and every defendant convicted of an infraction shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime, and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; or if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusatory pleading against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Chapter 3 (commencing with Section 29900) of Division 9 of Title 4 of Part 6 of this code or Section 13555 of the Vehicle Code.  [¶]  (b) If a defendant does not satisfy all the requirements of subdivision (a), after a lapse of one year from the date of pronouncement of judgment, a court, in its discretion and in the interests of justice, may grant the relief available pursuant to subdivision (a) to a defendant convicted of an infraction, or of a misdemeanor and not granted probation, or both, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense, and is not under charge of commission of any crime."

Code section 2800.1. In 1996, in case number SCR22536, appellant was convicted after a jury trial of one felony count of criminal threats under section 422 and three misdemeanor counts: child abuse under section 273a, subdivision (b), vandalism under section 594, subdivision (a), and being under the influence of a controlled substance under Health and Safety Code section 11550, subdivision (a). He was denied probation and sentenced to prison.

In 2016, appellant filed amended petitions for dismissal of his misdemeanor convictions in case numbers MCR97449 and SCR22536. The petition in case number MCR97449 alleged appellant had suffered a misdemeanor conviction for evading a peace officer, had been granted probation, and was entitled to relief in the interests of justice under section 1203.4. The petition in case number SCR22536 alleged appellant had been convicted of three misdemeanors, had not been placed on probation, and was entitled to relief in the interests of justice under section 1203.4a. Because probation had not been granted in case number SCR22536, and because section 1203.4a applied only to misdemeanors, the petition in case number SCR22536 sought dismissal only of the misdemeanor counts in that case and did not seek any relief with respect to the felony count.[3]

The trial court issued a written order denying the petition in case number SCR22536. It concluded the relief authorized by section 1203.4a was not available when a defendant had been convicted of both misdemeanors and a felony, noting (1) the title of section 1203.4a was "Rehabilitation of *Misdemeanants*" (italics added);[4] and (2) the

---

[3]     At the hearing on the motions, defense counsel indicated that if the court dismissed the misdemeanors under section 1203.4a, appellant would seek a certificate of rehabilitation under section 4852.01 on the remaining felony count.

[4]     The language quoted in the order does not appear in the West's Annotated or Deering's version of the Penal Code. The title of the statute in the Deering's version is: "Change of plea and dismissal of charges against nonprobationed misdemeanant or defendant who has committed an infraction after performance of sentence; Release from penalties and disabilities; Subsequent offenses; Applicability; Reimbursement; Petition by written declaration." (Deering's Ann. Penal Code (2016 ed.) § 1203.4a, p. 29 (2017 Pocket Supplement, issued December, 2016).) The title of the statute in the West's

3

remedy under section 1203.4a called for the dismissal of the accusatory pleading, and an accusatory pleading could not be dismissed in its entirety in cases where one or more felony counts remained. Although the court's written order included case number MCR97449 in its caption, the court did not purport to rule on the section 1203.4 petition for dismissal filed in that case.

## II. DISCUSSION

The parties agree the trial court had the authority to rule on the merits of the petition under section 1203.4a in case number SCR22536, notwithstanding that appellant was convicted of a felony count in addition to the three misdemeanor counts for which relief was sought. Section 1203.4a, subdivision (a), applies to "[e]very defendant convicted of a misdemeanor and not granted probation" who meets certain criteria. Because appellant was convicted of misdemeanors in case number SCR22536 and was not granted probation, section 1203.4a applies to those charges by its plain terms. " 'If the language of the statute is not ambiguous, the plain meaning controls[.]" (*In re Jennings* (2004) 34 Cal.4th 254, 263.) The title of section 1203.4 quoted in the trial court order, which referred to "misdemeanants," does not change the plain meaning of the statute itself. " 'Title or chapter headings are unofficial and do not alter the explicit scope, meaning or intent of a statute.' " (*People v. Wheeler* (1992) 4 Cal.4th 284, 293–294; see also *In re Gina S.* (2005) 133 Cal.App.4th 1074, 1083, fn. 9.)

Our interpretation of section 1203.4a is supported by *People v. Mgebrov* (2008) 166 Cal.App.4th 579, 582 (*Mgebrov*), in which the court affirmed an order granting relief under related section 1203.4 as to two of the three felony counts for which probation had been granted, even though the third conviction was a violation section 288, which was explicitly excluded from the provisions of section 1203.4. The court rejected an argument by the People that defendants who stood convicted of multiple counts were not

---

Annotated version is: "Misdemeanor or infraction sentence served; dismissal of charge; release from penalties and disabilities; discretion of the court; exceptions." (West's Ann. Code (2016 ed.) § 1203.4a, p. 20 (2017 Pocket Part).)

4

entitled to relief under section 1203.4 if any of the counts were ineligible. " ' "[S]tatutes which are in pari materia should be read together and harmonized if possible." ' " (*Mgebrov*, *supra*, 166 Cal.App.4th at p. 587.) Section 1203.4a, which concerns the same subject matter as section 1203.4, should be similarly construed to allow relief to be granted as to individual counts.

In concluding that relief was not available on individual misdemeanor counts when the defendant was convicted of felony counts in the same case, the trial court noted that section 1203.4a calls for the court to "dismiss the accusatory pleading." The court reasoned that in a case involving both misdemeanor and felony counts, it could not provide such relief because granting the petition as to the misdemeanor counts would not result in the dismissal of the entire accusatory pleading. But nothing in the statute precludes the court from dismissing only misdemeanor counts in cases involving both felonies and misdemeanors, and as a matter of logic, a court can dismiss individual counts as readily as an entire accusatory pleading. (See *Mgebrov*, *supra*, 166 Cal.App.4th at p. 595 [in case where relief granted as to some but not all felony counts under section 1203.4, court should have entered order dismissing those charges without dismissing remainder of accusatory pleading].)

The trial court erred in concluding it was not authorized to rule on the merits of appellant's section 1203.4a petition in case number SCR22536. It also failed, apparently through an oversight, to issue a ruling on the section 1203.4 petition in case number MCR97449, which involved only a single misdemeanor conviction for which probation was granted. Remand is required so the court can rule on both petitions on their merits.

### III. DISPOSITION

The trial court's order is vacated and the matter is remanded with instructions to reconsider appellant's petitions in case numbers SCR22536 and MCR97449 and to issue a ruling on each petition on the merits.

5

_____
NEEDHAM, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

(A151291)

Sonoma County Superior Court, No. SCR22536, Patrick Broderick, Judge.

New Beginnings Law Center, Elissa C. Lasserre on behalf of Defendant and Appellant.

Attorney General, Xavier Becerra; Chief Assistant Attorney General Gerald A. Engler; Senior Assistant Attorney General Jeffrey M. Laurence; Supervising Deputy Attorney General, Donna M. Provenzano, Deputy Attorney General Arthur P. Beever, on behalf of Plaintiff and Respondent.