Filed 8/29/22 P. v. Stake CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078389 |
| v. | (Super. Ct. No. SWF1401362) |
| SAMUEL STAKE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Albert J. Wojcik, Judge. Reversed and remanded with directions.

Stephen A. Odom for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Samuel Stake appeals from the trial court's summary denial of his Penal Code[1] section 1203.4 petition for expungement of his two convictions for possession of concentrated cannabis (Health &. Saf. Code, § 11357, subd. (a)) and oral copulation with a person under the age of 18 years (§ 288a, subd. (b)(1)[2]). On appeal, defendant contends (1) advancing the date of the hearing without notice to the parties denied him due process; (2) the trial court should have considered the convictions separately before denying the petition; and (3) he is entitled to relief under section 1203.4 as a matter of right. Because the record does not demonstrate that the trial court considered the merits of defendant's petition and exercised its discretion, we remand this matter.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2014, defendant, who was 19 years old at the time, and the victim, who was almost 17 years old, had been dating for about four years. The victim admitted to law enforcement that she willingly performed oral sex on defendant and that she filmed

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] Effective January 1, 2019, section 288a, subdivision (b)(1) was amended and renumbered as section 287, subdivision (b)(1). (Stats. 2018, ch. 423, § 49.)

2

the incident. Defendant was in possession of .9 grams of marijuana and .9 grams of marijuana wax.

On August 11, 2014, defendant pled guilty to possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), which is currently an infraction, and oral copulation with a person under 18 years old (§ 288a, subd. (b)(1)), which is a wobbler offense. In return, defendant was placed on formal probation for a period of 36 months on various terms and conditions, including serving 90 days in a work release program with credit for two days.

On December 29, 2021, without any supporting documents, defendant filed a petition to dismiss his two convictions based on his successful completion of probation and in the interest of justice pursuant to section 1203.4. A hearing was calendared for January 19, 2022 on the petition.

On January 7, 2022, without any supporting facts or arguments, the People filed a request for disposition/ruling under sections 1203.3, 1203.3a, 1203.4, 1203.4a, 1203.41, 1203.42, 1203.43, 1203.49, 17(b). The request appeared to be a form with boxes to check off. One of the boxes that was checked stated "The People request the court deny relief pursuant to . . . 1203.4 . . . for the following reason(s)." The reason checked off was "other" with a handwritten notation stating, "Conviction is for violation of PC § 288a - no relief provided under PC [§] 1203.4." The request noted the hearing date as "1/19/2022."

On January 12, 2022, without providing defendant an opportunity to file a reply brief, the trial court summarily denied the petition via a form order. Defendant timely appealed.

## III.

## DISCUSSION

Defendant contends his due process rights were violated when the trial court advanced the hearing date without notice. He further asserts that the court should have considered the convictions separately before denying the petition and that he is entitled to relief under section 1203.4 as a matter of right because he had fulfilled all the conditions of probation for the entire probationary period. The People respond section 1203.4 does not require a trial court to conduct a noticed hearing and that the court properly denied the petition because defendant failed to show he had fulfilled all conditions of probation during the probationary period. Because we find the record does not demonstrate that the trial court considered the merits of defendant's petition and exercised its discretion, we need not determine whether section 1203.4 requires a court to conduct a noticed hearing or whether defendant's due process rights were violated.

Section 1203.4, subdivision (a)(1) provides, in relevant part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant

4

shall, at any time after the termination of the period of probation . . . be permitted by the court to withdraw their plea of guilty or plea of nolo contendere . . . and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in [s]ection 13555 of the Vehicle Code."

As the statutory language makes clear, there are three situations in which a defendant who has been convicted of a crime and granted probation is entitled to have his record expunged after the period of probation has terminated "if he comes within any one of three fact situations: (a) he has fulfilled the conditions of his probation for the entire period; (b) he has been discharged before the termination of the period of probation; or (c) in any case in which a court, in its discretion and the interests of justice, determines he should be granted relief." (*People v. Butler* (1980) 105 Cal.App.3d 585, 587; see also *People v. Johnson* (2012) 211 Cal.App.4th 252, 259-260.) If the defendant comes within either of the first two scenarios, dismissal is mandatory. (*People v. Seymour* (2015) 239 Cal.App.4th 1418, 1430; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1459.) "'Under the third scenario, the court exercises its discretion whether to grant relief in the interests of justice.'" (*Seymour*, *supra*, at p. 1430, quoting *Holman*, *supra*, at p. 1459.) In this case, the first and third situations are implicated here.

"[I]n determining whether to grant relief under the discretionary provision, the trial court may consider any relevant information, including the defendant's postprobation conduct." (*People v. McLernon* (2009) 174 Cal.App.4th 569, 577.) "In fact, both the plain language of the statute and the legislative history of the 1971 amendment to the statute (Stats. 1971, ch. 333, § 1 p. 667) show that the purpose of the amendment to add discretionary relief was to give trial courts the power to set aside a conviction after the termination of probation *whenever* the circumstances warranted it. (§ 1203.4, subd. (a) [relief may be granted '*in any other case*' in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available" (italics added)]; Assem. Com. on Crim. Justice, Bill Dig. of Sen. Bill No. 248 (1971 Reg. Sess.)." (*McLernon*, *supra*, at p. 576, fn. omitted.)

In addition, it has long been held the statutory language of section 1203.4 provides for expungement as a matter of right for those defendants who fully perform the terms of their probation for the entire probationary period. "[A] defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant." (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788.)

6

Furthermore, "the plain and commonsense meaning of the text of section 1203.4 indicates trial courts may set aside guilty verdicts on individual counts in an information and dismiss the counts pursuant to section 1203.4, subdivision (a)." (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 591.) In *Mgebrov*, the appellate court affirmed an order granting relief under section 1203.4 as to two of the three felony counts for which probation had been granted, even though the third conviction was a violation section 288, which was explicitly excluded from the provisions of section 1203.4. (*People v. Mgebrov*, *supra*, at p. 582.) The court rejected an argument by the People that defendants who stood convicted of multiple counts were not entitled to relief under section 1203.4 if any of the counts were ineligible. (*People v. Mgebrov*, *supra*, at p. 587; see *People v. Ricci* (2017) 18 Cal.App.5th 526, 531 [nothing in section 1203.4a "precludes the court from dismissing only misdemeanor counts in cases involving both felonies and misdemeanors, and as a matter of logic, a court can dismiss individual counts as readily as an entire accusatory pleading].)

In this case, the record indicates that the trial court did not consider the merits of defendant's section 1203.4 petition. Rather, it appears the trial court denied the petition, without any stated reasons, as to both convictions after the People filed a request for ruling under section 1203.4, indicating the petition should be denied due to "Conviction is for violation of PC § 288a - no relief provided under PC [§] 1203.4." However, as the People acknowledge on appeal, the trial court should have considered the convictions separately, but assert the record here does not support defendant's claim that the court

7

failed to do so. The record is silent as to whether the court considered the convictions separately, but a reasonable inference can be made that the court denied the petition as to both convictions after relying on the People's request for ruling. The court denied the petition six days after the People filed its request for ruling and prior to any reply by defendant.

Although the People are correct that defendant failed to provide supporting documentation showing he had fully complied with the terms of his probation when he filed his section 1203.4 petition, defendant was not given an opportunity to provide that information in a reply brief. Because the trial court denied the petition prior to defendant's reply to the People's request for ruling, we cannot say defendant would not have provided supporting evidence in his reply brief. Defendant sought relief not only as a matter of right because he had fulfilled the conditions of his probation for the entire period, but also discretionary relief under the third scenario in section 1203.4.

Whether the trial court considered the merits of defendant's petition is unclear. There were no reported proceedings or a minute order stating the reasons for denying the petition. Rather, the court filed a form order checking the denial box, without checking the box indicating the denial was as to all convictions or the box specifying a specific conviction. There is no evidence to suggest the trial court addressed the merits of the petition, but that the court summarily denied the petition without considering whether the interests of justice justify relief. The court did not exercise its discretion as required under the third scenario in section 1203.4.

Under the circumstances of this case, remand is therefore warranted. We express no opinion regarding whether defendant is entitled to relief. The matter is remanded to the trial court to determine whether, in light of the evidence presented, defendant is entitled to relief.

## IV.

## DISPOSITION

The judgment is reversed and remanded for proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

9