Filed 6/24/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B243010 |
| Plaintiff and Respondent, | (Super. Ct. No. NA070312) |
| | (Los Angeles County) |
| v. | |
| RICK PARKER, JR., | |
| Defendant and Appellant. | |

Rick Parker, Jr. appeals the denial of his Penal Code section 1203.4 petition to set aside a 2006 conviction for possession or purchase of cocaine base for sale. (Health & Saf. Code, § 11351.5.) The trial court had previously sentenced appellant to state prison for five years but suspended execution of this prison term and granted probation. After appellant successfully completed probation, he filed a petition to set aside the conviction. The trial court ruled that appellant was not eligible for Penal Code section 1203.4 relief because appellant "was given a five-year joint suspended sentence. Under the law, . . . it is deemed that the person went to prison, it is just stayed, . . . The person, by operation of law, technically is in prison." As we shall explain, the trial court's ruling is erroneous, the Attorney General concedes, and we reverse.

Relief under Penal Code section 1203,.4 is often referred to as "expungement" of the conviction but that term is not technically correct. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584.) " ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by

mitigating some of the consequences of his conviction. . . ." ' " (*Ibid.*) "However, such relief ' "does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity." ' "(*Ibid.*)

Penal Code section 1203, subdivision (a) states in pertinent part: "As used in this code, 'probation' means *the suspension of the imposition or execution of a sentence. . . .*" (Italics added.) Section 1203.4 provides that upon a successful termination of probation, the defendant may petition to set aside the conviction. Section 1203.4, subdivision (a)(1) provides: "*In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation*, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . ." (Italics added.) " 'On application of a defendant who meets the requirements of section 1203.4, the trial court not only can but must proceed in accord with the statute. [Citations.]' " (*In re Griffin* (1967) 67 Cal.2d 343, 347, fn. 3.)

We read Penal Code section 1203, subdivision (a) and section 1203.4 in pari materia, i. e., together. (*People v. Clayburgh* (2013) 211 Cal.App.4th 86, 91.) This is not only a reasonable reading of the statutes, it comports with the rule of "lenity." (*Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631; *People v. Alberts* (1995) 32 Cal.App.4th 1424, 1427.) If the Legislature disagrees, it may, of course, enact a provision to the contrary. We express no opinion on whether it should do so.

Citing *People v. Howard* (1997) 16 Cal.4th 1081, the trial court denied the section 1203.4 petition believing that it had no power to grant it. It said, "once you impose but stay execution of a prison term, you are not entitled to 1203.4 relief." *Howard* is factually distinguishable. It holds that if the trial court imposes but suspends execution of a prison term and grants probation, the court has no authority, upon revoking probation, to impose a lesser sentence. (*Id.*, at pp. 1094-1095.) "On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . ." (*Id.*, at p. 1088.)

Where a prison term is imposed but execution of sentence is suspended, the sentencing court retains jurisdiction over the defendant and the "res of the action" to administer the entire matter under probation procedures. (*People v. Banks* (1959) 53 Cal.2d 370, 385.) "The powers of the [trial] court, over the defendant and the cause, when it retains jurisdiction as provided by Penal Code, sections 1203 through 1203.4, . . . are well nigh plenary in character: It may administer punishment to such defendant inclusive of every disability which would attach upon his sentence and commitment to prison, save only actual delivery of custody and jurisdiction to the prison authority with ensuing incarceration in the prison; or at the other extreme, it may relieve him of substantially all disabilities and restraints which otherwise would follow from conviction. In the first case, the court pronounces sentence of imprisonment and suspends its execution by the prison authority; *i.e.*, the court refrains from issuing commitment of the defendant to the prison authority." (*Id.*, at pp. 384-385.)

Assuming the trial court revokes probation and commits the defendant to state prison, defendant's status changes from "probationer" to "prisoner" and defendant is ineligible for section 1203.4 relief. Stated another way, section 1203.4 applies to probationers, not parolees or former prisoners. (*People v. Borja* (1980)

110 Cal.App.3d 378, 381-382; *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1780; *People v. Jones* (1985) 176 Cal.App.3d 120, 130-131.) Appellant is a "probationer" even though he was given "joint suspended."

The judgment (order denying section 1203.4 petition) is reversed. The matter is remanded for further proceedings so that the trial court may exercise its discretion to grant the petition *vel non*.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Tomson T. Ong, Judge

Superior Court County of Los Angeles

_____

Joshua E. Kim, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Russell A. Lehman, Deputy Attorney General, for Plaintiff and Respondent.