Filed 7/24/14  P. v. Trejo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCO ANTONIO TREJO,<br><br>    Defendant and Appellant. | B250717<br><br>(Los Angeles County<br> Super. Ct. No. PA029721) |

APPEAL from an order of the Superior Court of Los Angeles County, Dalila C. Lyons, Judge.  Affirmed.

Karlin & Karlin and Marc A. Karlin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Marco Antonio Trejo appeals from an order of the superior court denying his motion to vacate his plea based upon ineffective assistance of counsel. Appellant's motion was based on *Padilla v. Kentucky* (2010) 559 U.S. 356, 360 (*Padilla*), in which the United States Supreme Court held that counsel rendered ineffective assistance to the petitioner by failing to inform him that his guilty plea to narcotics charges subjected him to automatic deportation. Appellant contends that, as in *Padilla*, his attorney failed to inform him of the immigration consequences of his guilty plea. Appellant's claim is foreclosed by *Chaidez v. United States* (2013) 133 S.Ct. 1103 (*Chaidez*), which held that *Padilla* does not apply retroactively. We therefore affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 1998, appellant was charged by felony complaint with one count of sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and one count of possession for sale of a controlled substance (Health & Saf. Code, § 11351). Appellant entered a guilty plea to the first count, and the trial court dismissed the second pursuant to plea negotiations.

On April 15, 1998, the trial court suspended imposition of sentence and placed appellant on probation on the condition that he serve 180 days in jail.

On April 13, 2000, appellant moved to vacate his guilty plea pursuant to Penal Code section 1203.4, which "provides that upon a successful termination of probation, the defendant may petition to set aside the conviction." (*People v.*

2

*Parker* (2013) 217 Cal.App.4th 498, 501.)[1]  The court granted appellant's motion, set aside his guilty plea, entered a plea of not guilty, and dismissed the case.[2]

On July 2, 2013, appellant filed a motion to vacate his plea based on ineffective assistance of counsel, relying on *Padilla*.  Respondent opposed the motion, citing *Chaidez* and further arguing that the transcript of the plea hearing showed that the prosecutor advised appellant that his plea could result in deportation.  The trial court denied the motion on the grounds cited by respondent. Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant contends that he received ineffective assistance of counsel pursuant to *Padilla* because his former counsel failed to inform him of the immigration consequences of his guilty plea.  Appellant cannot prevail on his claim that he is entitled to relief because *Padilla* does not apply retroactively to his conviction, which became final in 1998.  (*Chaidez*, 133 S.Ct. at p. 1105.)

---

[1]  The statute provides, in part:  "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty."  (Pen. Code, § 1203.4, subd. (a)(1).)

[2]  Appellant's relief under Penal Code section 1203.4 "has no effect on the federal immigration consequences of his conviction.  [Citation.]"  (*People v. Martinez* (2013) 57 Cal.4th 555, 560.)

3

**DISPOSITION**

The order appealed from is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


EDMON, J.*

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.