Filed 2/22/16  P. v. Echeverria CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B264989 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA047435) |
| ANDREW ECHEVERRIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Brandlin, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Andrew Echeverria appeals the trial court's denial of his motion for dismissal pursuant to Penal Code section 1203.41. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 1993, Echeverria was convicted of robbery, a felony, after he pleaded guilty. (Pen. Code, § 211.)[1] He was sentenced to a prison term.[2]

On April 9, 2015, Echeverria, acting in propria persona, filed a petition for dismissal pursuant to section 1203.41 in the trial court. On May 15, 2015, the trial court held a hearing on the petition. Counsel was appointed for Echeverria. Echeverria was not present. Defense counsel stated that Echeverria had "pled to a 211" and "it appears from the minute order, he went to prison." The trial court denied the petition for dismissal, finding Echeverria was ineligible for relief because of the state prison commitment.

Echeverria filed a timely notice of appeal. On June 19, 2015, he requested a certificate of probable cause to challenge the validity of the 1993 plea, which was denied as untimely and lacking any factual and legal basis. Appended to the notice of appeal or to the request for a certificate of probable cause was Echeverria's typed statement, which challenged the validity of the plea based on, inter alia, "contradictions of the victim[']s statements at the Pre-trial hearing" and the "conflicting police report."

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The record before us does not contain an abstract of judgment or any documents relating to the underlying crime or sentencing. However, in his petition Echeverria states he was convicted of second degree robbery. In his request for a certificate of probable cause and a typewritten statement, he states he pleaded to the crime, and his counsel confirmed this at the hearing below. Although the record does not contain any documents showing Echeverria was sentenced to prison, he does not dispute this fact.

# DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  On October 28, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.

Echeverria thereafter submitted a letter, in which he makes several complaints about the conduct of the preliminary hearing.  First, the trial court refused to allow the defense to call a witness whose testimony would have contradicted the victim's testimony and the information in the police report, thereby infringing upon Echeverria's right to a fair trial.  Second, the victim was not credible, and the police report was suspect due to the fact the officer did not speak Spanish, the victim's language.  Third, the People failed to establish where the weapon was recovered, and therefore it should have been excluded.

Appellant's arguments fail for several reasons.  He pleaded guilty to the offense, and cannot challenge the plea without a certificate of probable cause.  A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (§ 1237.5; *People v. Shelton* (2006) 37 Cal.4th 759, 766; Cal. Rules of Court, rule 8.304(b).)  Given appellant's plea, the merits of the issue of guilt or innocence are not reviewable; evidentiary questions and issues of witness credibility are not relevant.  " 'When a defendant pleads guilty to a crime . . . no trial is held on the question of guilt and there are no controverted issues, since he admits every element of the crime, and the plea necessarily results in a judgment of conviction.' " (*People v. Johnson* (2009) 47 Cal.4th 668, 677.)  Most significantly, the time for appellant to challenge the conduct of the preliminary hearing has long passed.  According to his petition for dismissal, he was convicted in March 1993, decades past the 60-day time limit for filing an appeal in the underlying case.  (Cal. Rules of Court, rule 8.308.)

3

The trial court's ruling on Echeverria's petition was not an abuse of discretion. (See *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1428.)  Section 1203.41 provides that a defendant sentenced pursuant to section 1170, subdivision (h)(5) may be eligible to have his or her conviction dismissed.  Section 1170, subdivision (h) provides that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail" for various periods.  Section 1170, subdivision (h)(5) provides that when imposing such a sentence, the court "shall suspend execution of a concluding portion of the term for a period selected at the court's discretion."  These provisions do not apply to Echeverria, who was not sentenced to county jail but to prison.  (Cf. *People v. Parker* (2013) 217 Cal.App.4th 498, 502 [relief under section 1203.4 is not available when the defendant served a prison term]; *People v. Borja* (1980) 110 Cal.App.3d 378, 381-382.)

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.

We concur:



LAVIN, J.



JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4