Filed 4/26/16  P. v. Massey CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES DWAYNE MASSEY,<br><br>    Defendant and Appellant. | F071276<br><br>(Super. Ct. No. SC061230A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Gomes, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant Charles Dwayne Massey was convicted on March 17, 1995, of a violation of Penal Code[1] section 278.5, deprivation of custody of a child or right to visitation, a felony. Massey was placed on probation, violated probation, and was incarcerated in prison. On February 10, 2015, Massey filed a petition for dismissal seeking to dismiss his conviction in the interests of justice pursuant to section 1203.4. The trial court denied the petition on February 25, 2015, finding Massey ineligible for relief under section 1203.4. Massey appeals. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Massey was convicted on March 17, 1995, of violating section 278.5, a felony. The February 10, 2015, petition for dismissal stated that Massey had been convicted of a felony for which he had been granted probation. Massey's petition requested that his conviction be dismissed pursuant to section 1203.4 in the interests of justice because he had been granted a certificate of rehabilitation on May 1, 2012. Massey's petition requested that the trial court take judicial notice of the file in the case in which he suffered the felony conviction.

A hearing on the petition was held on February 25, 2015. At the hearing, the People opposed the petition on the grounds Massey was not eligible for relief under section 1203.4. The People pointed out that although Massey originally was sentenced to a term of probation, he violated probation and was thereafter incarcerated in prison. Massey claimed he had "actually completed [his] probation period," but somehow violated when he went to "go get a court date."

The trial court stated "the bottom line was you went to prison on a probation violation in this case. So that means you did not successfully complete probation." The

---

[1]  References to code sections are to the Penal Code unless otherwise specified.

trial court denied the petition for dismissal, finding that Massey was not eligible for relief under section 1203.4.

On March 13, 2015, Massey filed a notice of appeal from the trial court's ruling on the petition for dismissal.

## DISCUSSION

The sole issue on appeal is whether Massey is statutorily ineligible for relief under section 1203.4. Massey contends the trial court erred in denying his petition because he "has been rehabilitated" and "should be granted relief in the interests of justice." Massey contends the trial court erred in concluding he was ineligible for section 1203.4 relief on the basis he violated probation and was incarcerated. Massey's contention fails; the trial court did not err.

Where the propriety of a trial court's order on a section 1203.4 petition is based on interpretation of the relevant statute, it presents an issue of law, which this court reviews de novo. (*People v. Guillen* (2013) 218 Cal.App.4th 975, 983-984.)

Relief under section 1203.4 is often referred to as an expungement of the conviction, although the statute does not render the conviction a nullity. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 584.) Relief under section 1203.4 "is intended to reward an individual who successfully completes probation by mitigating some of the consequences" of the conviction. (*Mgebrov, supra,* at p. 584.)

Section 1203.4 provides in relevant part: "(a)(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo

3.

contendere and enter a plea of not guilty; … and, … the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted .…"

Based upon the plain language of the statute, cases have identified three factual situations in which a defendant may apply for relief under section 1203.4. First, when the defendant "has fulfilled the conditions of probation for the entire period of probation." Second, if the defendant "has been discharged prior to the termination of the period of probation." Third, "in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available." (§ 1203.4, subd. (a); *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429-1430.) If a defendant falls into either the first or second category, he or she is entitled to relief as a matter of right. (*Seymour, supra,* at p. 1430.) Under the third scenario, the trial court exercises its discretion. (*Ibid.*)

Massey argues that the trial court had discretion to grant his petition in the interests of justice because he received a certificate of rehabilitation. He is incorrect. Section 1203.4 applies to probationers, not parolees or former prisoners. (*People v. Parker* (2013) 217 Cal.App.4th 498, 502.) When a trial court revokes probation and commits a defendant to prison, the defendant is no longer eligible for relief under section 1203.4. (*Parker, supra,* at p. 502; *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1780; *People v. Jones* (1985) 176 Cal.App.3d 120, 130-131; *People v. Borja* (1980) 110 Cal.App.3d 378, 381-382.)

Massey cites *People v. McLernon* (2009) 174 Cal.App.4th 569 in support of his contention that he is entitled to relief under section 1203.4. *McLernon* is distinguishable. In *McLernon*, the defendant violated probation, but was not sent to prison. (*McLernon, supra,* at p. 573.) The appellate court held that under these circumstances, when the

defendant had not been incarcerated, the defendant was eligible to seek relief under section 1203.4.  (*McLernon, supra,* at pp. 574-575.)

While receiving a certificate of rehabilitation is laudable, it does not entitle Massey to relief under section 1203.4.  (See *People v. Mgebrov*, *supra*, 166 Cal.App.4th at p. 584.)  Massey, having been incarcerated for the offense, is not eligible for relief under section 1203.4.  (*People v. Parker, supra,* 217 Cal.App.4th at p. 502.)

The trial court did not err in denying the petition for dismissal.

## **DISPOSITION**

The February 25, 2015, order denying the section 1203.4 petition for dismissal is affirmed.

5.