Filed 1/24/24  P. v. Khademi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C096746 |
| Plaintiff and Respondent, | (Super. Ct. No. 62152196) |
| v. | |
| DAVOOD KHADEMI, | |
| Defendant and Appellant. | |

Defendant Davood Khademi petitioned to reduce or dismiss his assault with a deadly weapon conviction under Penal Code section 17, subdivision (b)[1] and sections 1203.4, 1203.41, and 1203.42.  The trial court denied the petition, finding broadly that he was not entitled to relief on his petition.

---

[1]  Undesignated statutory references are to the Penal Code.

Defendant appeals, raising numerous issues unrelated to the order denying the petition. Most of these issues, which could have been, but were not, raised in defendant's prior direct appeal of the judgment, are not cognizable in this appeal. Confining ourselves to whether the trial court erred in denying defendant's petition to reduce or dismiss his assault conviction, we conclude recent legislative changes to section 1203.41 that went into effect while defendant's appeal was pending require that we remand the matter for the trial court to reconsider the petition.

### BACKGROUND

In April 2017, defendant yelled obscenities and various anti-American sentiments to K.E., a veteran.[2] (*People v. Khademi* (June 28, 2022, C094081) [nonpub. opn.] (*Khademi I*).) K.E. took offense to defendant's language and responded. Defendant threatened to cut off K.E.'s head and attempted to stab him. (*Ibid.*)

Defendant was charged with attempted murder (§§ 664, 187, subd. (a); count one) while personally using a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)), assault with a deadly weapon (§ 245, subd. (a)(1); count two), and criminal threats (§ 422, subd. (a); count three). It was further alleged that the offenses were hate crimes. (§ 422.75, subd. (a).)

In September 2017 and June 2019, the trial court found defendant mentally incompetent to stand trial and committed him to the state hospital for treatment. Defendant was restored to competency and criminal proceedings were resumed in March 2020.

---

[2] This brief summary of facts is drawn from this court's prior opinion in defendant's direct appeal of the judgment. (See *Khademi I, supra*, C094081.)

In September 2020, defendant pleaded no contest to count 2 (assault with a deadly weapon).[3] Under the terms of the plea agreement, defendant initially would serve no state prison time and the remaining charges would be dismissed. The trial court suspended imposition of sentence and placed defendant on felony probation for five years. The remaining charges and allegations were dismissed.

In January 2021, the probation department filed a petition to revoke defendant's probation, alleging defendant had violated the terms of his probation by shoplifting merchandise from a store. The trial court summarily revoked probation. Following a contested hearing in February 2021, the court found the probation violation allegation true. The court terminated probation, and, after defendant was found not suitable for mental health court, the court sentenced defendant to the low term of two years in state prison.[4]

Defendant appealed, and this court affirmed the judgment in an unpublished decision in *Khademi I*. (*Khademi I, supra*, C094081.)

In June 2022, defendant, representing himself, filed a petition for dismissal under sections 17, subdivision (b), 1203.4, 1203.41, and 1203.42. The form petition clearly set forth a separate claim as to each separate statutory basis for relief, beginning per the form's instructions with the section 17, subdivision (b) claim for reduction to a misdemeanor. The form then offered multiple potential grounds for dismissal in the form

---

[3] The parties stipulated to the factual basis for the plea based on Roseville Police Department report case No. 201700026698 and as described by the prosecutor at the plea hearing.

[4] The probation department filed a second petition to revoke defendant's probation in March 2021, alleging defendant had violated the terms of his probation by committing burglary (§ 459), theft of utility services (§ 498, subd. (b)(1)), and possessing three pocketknives. After the trial court terminated probation based on the true finding on the first petition to revoke, the prosecutor dismissed the second petition to revoke.

of boxes to be checked with optional explanations, beginning with section 1204.3 on the first page of the form. The form then progressed through various other potential statutory bases for relief, from which defendant selected sections 1203.41 and 1203.42, listed on the second and third pages of the form petition, respectively.

At a contested hearing held in July 2022, the trial court characterized the petition as seeking relief under section 17, subdivision (b), as well as dismissal under section 1203.4, and defendant agreed. The court at no time indicated this list was exhaustive. The People opposed the motion, arguing defendant had been sentenced to state prison on a probation violation so had not fulfilled his conditions of probation. After permitting defendant to argue, the court noted only that defendant's file "does show a state prison commitment." The court then noted that "from looking at the record, it appears that you're not entitled to relief." At the prosecutor's prompting, the court then summarily ruled the "motion is denied." When defendant asked on what grounds, the court responded "[i]nadequate showing to grant the relief."

Defendant timely appealed.[5]

## DISCUSSION

### I

*Issues Not Cognizable on Appeal*

As a preliminary matter, we find most of defendant's appellate contentions beyond the scope of the present appeal. Many arguments could have been, but were not, raised in

---

[5] The trial court also filed a subsequent form order denying the petition on August 12, 2022. In doing so, it checked the boxes for section 17, subdivision (b) as well as section 1203.4. Defendant's notice of appeal, filed July 28, 2022, does not reference this order but instead appeals from the trial court's earlier July 14 minute order denying the petition. That minute order is headed as a section 1203.4 motion and described within as a "PC 1203.4 & PC 17(b) Motion"; there are no boxes to check.

4

defendant's prior appeal from the judgment in *Khademi I*.  The failure to raise these issues in his prior appeal precludes their consideration now.

Absent good cause or justification, a defendant may not raise an issue in a second appeal that could have been raised in the first appeal.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 535 ["where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay"].)  An issue not raised in a prior appeal is waived in a subsequent appeal where "(1) the issue was ripe for decision by the appellate court at the time of the previous appeal; (2) there has been no significant change in the underlying facts or applicable law; and (3) the defendant has offered no reasonable justification for the delay." (*Id.* at p. 538.)

Here, defendant's claims relating to arraignment, probable cause, purported conflicts with his trial counsel, alleged prosecutorial misconduct and malicious prosecution, speedy trial time waivers, absence from courtroom proceedings, the propriety of the competency proceedings, participation in plea negotiations, alleged due process violations, and purported sentencing errors were all claims that could have been brought in *Khademi I*.  Defendant, however, did not assert any such claims.  (See, e.g., *Khademi I, supra*, C094081.)  Instead, defendant's appointed appellate counsel filed a no issues brief under *People v. Wende* (1979) 25 Cal.3d 436, and defendant did not file a supplemental brief raising any issues he wanted the court to consider.  (*Khademi I, supra*, C094081.)  Defendant offers no explanation for failing to raise these claims in his direct appeal from the judgment.

Similarly, defendant could have asserted (but did not) his ineffective assistance of counsel claims during *Khademi I*, including that his trial counsel failed to:  devise a good defense strategy at the preliminary hearing or provide evidence at the hearing, contact defendant's family members, file dismissal motions or petitions for habeas corpus or lawsuits against the prosecutor or judge, request an expert, subpoena witnesses, or recuse

5

himself to allow defendant to represent himself.  Likewise, whether substantial evidence supports his conviction, or challenges to how evidence in the case was collected could have been, but were not, presented in defendant's prior appeal.  Again, defendant proffers no justification for failing to timely raise these claims in *Khademi I*.

Without any reasonable explanation for the delay, we deem defendant's claims of error to be waived.  (*People v. Senior, supra*, 33 Cal.App.4th at p. 538; *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1141, 1144-1145 [concluding that because the defendant did not raise the penalty assessment claims in his original appeal, he could not raise them in subsequent appeal].)  We thus limit our consideration to those issues concerning the trial court's denial of defendant's petition.

II

*Petition to Reduce or Dismiss Assault Conviction*

As previously noted, defendant filed a petition regarding his assault with a deadly weapon conviction (§ 245, subd. (a)(1)) based on several grounds.  At the contested hearing on the petition, the trial court referenced the first two bases for defendant's petition, namely, section 17, subdivision (b) and section 1203.4, but did not specifically mention sections 1203.41 or 1203.42.   The court denied the petition after finding defendant had made an "inadequate showing to grant the relief."

A.  *Forfeiture*

At the outset, we reject the People's argument, raised in their briefing and also at oral argument, that defendant forfeited the portions of his challenge based on sections 1203.41 and 1203.42 because he failed to press the trial court for a specific ruling on those statutory bases for relief at the hearing.  Defendant adequately preserved the issue for review by checking the boxes relating to those sections in his written petition, thus alerting the trial court to the issues to be decided.  Further, despite the court's shorthand references to the only two statutory bases for relief listed on the first page of the form petition when referencing its ruling, we interpret the court's reliance on the fact that

6

defendant had been sentenced to state prison as well as its statement that defendant had made an inadequate showing that he was entitled to relief to implicitly include rulings on all the bases alleged in the written petition before the court. We thus reject the People's forfeiture argument as to the portions of defendant's challenge based on sections 1203.41 and 1203.42.

B. *Section 17, Subdivision (b)*

The Legislature has classified most crimes as either felonies or misdemeanors. (*People v. Park* (2013) 56 Cal.4th 782, 789.) "A felony is a crime that is punishable with death, by imprisonment in the state prison, or, notwithstanding any other law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (a).) Some offenses, however, may be punished either as a felony or a misdemeanor; such crimes are known as "wobblers." (*Park*, at p. 789.)

Where an offense qualifies as a "wobbler," the crime may be deemed a misdemeanor for all purposes under certain circumstances. (§ 17, subd. (b).) These circumstances include: "(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, [and] [¶] (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(1), (3).) Assault with a deadly weapon--defendant's conviction at issue here--is a wobbler. (*People v. Park, supra*, 56 Cal.4th at p. 790.) It is punishable "by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." (§ 245, subd. (a)(1).)

In this case, the district attorney charged the assault with a deadly weapon offense as a felony, and defendant pleaded to the offense as charged, i.e., as a serious felony. When the trial court suspended imposition of sentence and placed defendant on

probation, the court did not declare defendant's crime a misdemeanor. After subsequently finding defendant in violation of probation, the court terminated probation and sentenced defendant to state prison for two years, solidifying the nature of the offense as a felony. (*People v. Tran* (2015) 242 Cal.App.4th 877, 885 [a wobbler offense charged as a felony is treated as a felony for all purposes until imposition of sentence; if state prison is imposed, the offense remains a felony].) Thus, upon being sentenced to state prison, defendant's offense was *no longer eligible for reduction* to a misdemeanor under section 17, subdivision (b), and the court did not err in finding defendant ineligible for relief under the statute.

C. *Section 1203.4*

At the time defendant filed his petition in June 2022, section 1203.4 provided that a defendant who is "not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense" and who "has fulfilled the conditions of probation for the entire period of probation" or "has been discharged prior to the termination of the period of probation" can petition the court to set aside his or her guilty or nolo contendere plea and dismiss the complaint or information. (Former § 1203.4, subd. (a)(1); Stats. 2021, ch. 209, § 1.)[6] " ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so." ' " (*People v. E.B.* (2020) 51 Cal.App.5th 47, 54.) The statute "provides substantial benefits [as] the successful probationer is generally released from all the 'penalties and

---

[6] Since defendant filed his petition, the Legislature has twice amended section 1203.4, but the nonsubstantive changes to subdivision (a)(1) do not affect the issues on appeal. (See Stats. 2022, ch. 734, § 3, eff. Jan. 1, 2023; Stats. 2023, ch. 47, § 6, eff. July 10, 2023.)

disabilities' which otherwise would have resulted from the conviction." (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 745; § 1203.4, subd. (a)(1).)

The statute also provides that a court, "in its discretion and the interests of justice," may determine that a defendant should be granted the relief available under the statute. (Former § 1203.4, subd. (a)(1).) This "interest of justice" language, however, does not extend available relief under the statute to former state prisoners. (See, e.g., *People v. Borja* (1980) 110 Cal.App.3d 378, 381-382 [rejecting the defendant's argument that "interest of justice language" in section 1203.4 expanded the trial court's power to vacate judgments of conviction where no probation was granted in felony cases]; *People v. Chatman* (2018) 4 Cal.5th 277, 291 ["relief under section 1203.4 is not available to former prisoners"]; *People v. Parker* (2013) 217 Cal.App.4th 498, 502 ["section 1203.4 applies to probationers, not parolees or former prisoners"].) Where a "trial court revokes probation and commits the defendant to state prison, the defendant's status changes from 'probationer' to 'prisoner' and the defendant is ineligible for section 1203.4 relief." (*Parker*, at p. 502.)

Here, defendant's petition did not allege that he had either fulfilled the conditions of probation for the entire probationary period or that the court had discharged him from probation prior to the termination of the period of probation, nor could he.

In October 2020, defendant was placed on formal probation for five years. In March 2021, the probation department petitioned to revoke probation on three grounds, including that defendant had committed new criminal offenses. After a contested hearing, the trial court found true the allegation that defendant had violated probation by shoplifting. (*Khademi I, supra*, C094081.) The court therefore terminated probation before defendant completed the full five-year probationary period and sentenced him to state prison for two years. Given the above, defendant obviously did not fulfill the conditions of probation for the entire period, nor was he discharged from probation prior to its termination.

9

Defendant's petition did check the box requesting relief under section 1203.4 "in the interests of justice." But, as previously explained, once the trial court terminated probation and sentenced him to state prison, he was no longer eligible for relief under section 1203.4 even in the interest of justice. (*People v. Parker, supra*, 217 Cal.App.4th at p. 502; *People v. Borja, supra*, 110 Cal.App.3d at pp. 381-382.) The court properly found defendant ineligible for relief under section 1203.4.

D. *Section 1203.42*

When defendant filed his petition in June 2022,[7] section 1203.42 provided in relevant part that a defendant sentenced prior to the implementation of the 2011 Realignment Act (Stats. 2011, ch. 15, § 1) for a crime for which he would have otherwise been eligible for sentencing under section 1170, subdivision (h), may be permitted, in the trial court's discretion, to withdraw his guilty or no contest plea. (Former § 1203.42, subd. (a)(1); Stats. 2017, ch. 207, § 1, eff. Jan. 1, 2018.) If the court grants relief, it shall dismiss the accusations or information against the defendant and release the defendant, with limited exceptions, from all penalties and disabilities resulting from the offense. (Former § 1203.42, subd. (a)(1))

By its terms, the statute applied only to those defendants *sentenced prior to* the 2011 Realignment Legislation. Here, defendant pleaded no contest in September 2020, and, after violating the terms of his probation, was sentenced to state prison in April 2021. Defendant was thus sentenced nearly a decade *after* realignment and he does not qualify for relief under the plain language of section 1203.42.

---

[7] Senate Bill No. 1106 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 734, § 7), effective January 1, 2023, and Assembly Bill No. 134 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 47, § 9), effective July 10, 2023, both made nonsubstantive changes to section 1203.42, subdivision (a).

E. *Section 1203.41*

When defendant initially sought relief under section 1203.41, the statute provided that the trial court, in its discretion and in the interests of justice, could permit a defendant sentenced to county jail under section 1170, subdivision (h)(5) to withdraw his no contest plea and enter a plea of not guilty, and thereafter dismiss the accusations or information against the defendant thereby releasing him, with limited exceptions, from all penalties and disabilities resulting from the conviction. (Former § 1203.41, subd. (a); Stats. 2013, ch. 787, § 1.) Because defendant was sentenced to state prison and not county jail under section 1170, subdivision (h)(5), he did not qualify for relief under the statute at the time the trial court denied defendant's petition.

While defendant's appeal was pending, however, the Legislature amended section 1203.41 to expand relief to persons sentenced to state prison. (Stats. 2022, ch. 842, § 1.5.)[8] The statute now provides in relevant part: "The relief available under this section may be granted only . . . after the lapse of two years following the defendant's completion of the sentence, if the sentence was imposed pursuant to subparagraph (A) of paragraph (5) of subdivision (h) of Section 1170 *or if the defendant was sentenced to state prison*." (§ 1203.41, subd. (a)(2), italics added.)

Generally, we presume statutes apply prospectively only. (*People v. Frahs* (2020) 9 Cal.5th 618, 627.) However, in *In re Estrada* (1965) 63 Cal.2d 740, at pages 744 to 745, our Supreme Court held that amendatory statutes that lessen punishment for criminal conduct are ordinarily intended to apply retroactively to cases not yet final on appeal. In

---

[8] Effective July 10, 2023, the Legislature amended section 1203.41 a second time (Stats. 2023, ch. 47, § 8), but the changes do not affect our analysis of the issue on appeal.

*People v. Francis* (1969) 71 Cal.2d 66, the Supreme Court applied *Estrada* to a statute that merely made a reduced punishment possible. That same rationale applies here.[9]

While the amendments to section 1203.41 do not reduce the punishment for a specific crime, the possibility of being permitted to withdraw a no contest plea, to have the accusation or information dismissed, and to be relieved on the penalties associated with a particular conviction has now been extended to a class of persons who were previously excluded from relief--those sentenced to state prison. As in *Francis*, the possibility of these ameliorative benefits apply retroactively to cases not yet final on appeal. (*People v. Francis, supra*, 71 Cal.2d at pp. 76-77 [amendment that vested trial courts with discretion to impose either the same penalty as under the former law or a lesser penalty applied retroactively under *Estrada*].)

Because defendant's case is still pending on appeal and thus not yet final, we shall remand for the trial court to consider whether defendant satisfies all the statutory criteria under newly amended section 1204.41, and, if so, whether the court chooses to exercise its discretion to grant defendant relief under the statute.

---

[9] The People do not discuss retroactivity in their briefing, although they observe that defendant "may benefit from recent amendments to Penal Code section 1203.41." They urge affirmance, suggesting without citation to authority that defendant's only remedy would be to file a new petition in the trial court.

## DISPOSITION

The order denying defendant's petition based on Penal Code section 1203.41 is reversed and the matter is remanded for the trial court to consider whether defendant qualifies for relief under amended section 1203.41.  The order is otherwise affirmed.


_____/s/_____
Duarte, Acting P. J.


We concur:


_____/s/_____
Renner, J.


_____/s/_____
Wiseman, J.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.