Filed 12/16/25  P. v. Castle CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. NAEEM EL CASTLE, Defendant and Appellant. | B339715 (Los Angeles County Super. Ct. No. TA130751) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Dismissed.

Patrick J. Hoynoski, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Naeem El Castle appeals from the trial court's order denying his petition for dismissal pursuant to Penal Code[1] section 1203.4.  In 2013, Castle pled no contest to inflicting corporal injury to a spouse or cohabitant.  (§ 273.5, subd. (a).)  The trial court sentenced Castle to three years in state prison.

In 2024, Castle filed a petition for dismissal pursuant to section 1203.4, in which he claimed that he was not serving a sentence for any offense or under charge of commission of any crime and had fulfilled the conditions of probation.  The trial court denied the petition on the basis that Castle had been sentenced to prison, and was thus not entitled to relief under section 1203.4.

Castle appealed, and this court appointed counsel to represent him.  After examining the record, Castle's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), including full independent review of the record.  We invited Castle to file a supplemental brief pursuant to *Wende*.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders*[2]/*Wende* if appellate counsel cannot identify any arguable issues.  (*Delgadillo, supra*, 14 Cal.5th at pp. 227, 231.)  However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)  "If the defendant does not file a supplemental

---

[1] All further references are to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738.

brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid*.)  Here, after appellate counsel filed a brief notifying us Castle's appeal presented no arguable issues, we offered Castle an opportunity to file a personal supplemental brief, and he did not.

However, a notice provided to defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232–233.)  As *Delgadillo* noted, independent review of the record under *Anders/Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and " 'does not depend on the . . . receipt of a brief from the defendant personally,' " whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Id*. at pp. 232–233.)  Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders/Wende*, confusion may plausibly result.  The notice in *Delgadillo* had this flaw (*id*. at p. 233), as did the notice here.

As a result, although Castle has not filed a supplemental brief, we have examined the record to determine whether it contains any arguable issues.  We conclude that it does not.

Section 1203.4, subdivision (a)(1) provides:  "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time

3

after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in [s]ection 13555 of the Vehicle Code." "[S]ection 1203.4 applies to probationers, not parolees or former prisoners." (*People v. Parker* (2013) 217 Cal.App.4th 498, 502.) Castle was committed to prison, and he is therefore ineligible for relief under section 1203.4.

Because Castle has not raised any arguable issues and our independent review of the record has not discovered any, the case may be dismissed. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

## DISPOSITION

We dismiss the appeal as abandoned.
NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.

5