Filed 2/4/26  P. v. Davis CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT SAMUEL DAVIS,<br><br>    Defendant and Appellant. | G065387<br><br>(Super. Ct. No. 15NF2787)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Duff, Judge. Reversed and remanded.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General,

A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Defendant Robert Samuel Davis filed a petition for dismissal citing three different Penal Code sections—sections 1203.4, 1203.4a, and 1203.41.[1] The trial court denied the petition based on section 1203.41, under which Davis was not entitled to relief. We reverse and remand to allow the court to consider Davis's claim for relief under section 1203.4.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Davis pleaded guilty to one count of dissuading a witness from reporting a crime. (§ 136.1 subd. (b)(1).)[2] Davis also admitted a prior strike conviction. (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1).) The trial court struck the prior strike for sentencing purposes, suspended imposition of sentence, and placed Davis on three years formal probation with a condition that he serve 364 days in the county jail.

In March 2017, Davis violated his probation, his probation was revoked, and he was remanded into custody. In June 2017, Davis admitted the probation violation. The trial court reinstated probation on condition that Davis serve 180 days in jail, with 152 days of custody credits. In March 2019, Davis was discharged from probation.

---

[1] All further statutory references are to the Penal Code.

[2] When Davis pleaded guilty, he agreed to the following factual basis for his crime: "In Orange County, California, on or about and between May 12, 2014 and August 6, 2014, I willfully and unlawfully attempted to prevent and dissuade [P.A.], a victim and witness, from making a report of that victimization to a peace officer."

2

In February 2025, Davis filed a petition for dismissal of his conviction. Davis checked the boxes purporting to seek relief under sections 1203.4,[3] 1203.4a,[4] and 1203.41.[5] In support of his petition, Davis provided two reference letters, a certificate of completion and a transcript from a training program as an alcohol and drug counselor, and a copy of his criminal history from the California Department of Justice, showing he had not been arrested or convicted of any crimes since his 2017 probation violation. The People did not file an opposition to the petition.

The trial court summarily denied Davis's petition "under Penal Code Section 1203.41." The court's order did not address the other grounds raised in the petition. Davis filed a timely notice of appeal.

## DISCUSSION

The trial court's denial of relief under any of these statutes is reviewed for abuse of discretion. (§§ 1203.41, subd. (a), 1203.4a, subd. (b); *People v. McLernon, supra*, 174 Cal.App.4th at p. 572.)

---

[3] Section 1203.4 authorizes the trial court to expunge a criminal record if the defendant has fulfilled the conditions of probation for the entire period, the defendant was discharged before the probation period ended, or if the court believes relief should be granted in the interests of justice. (§ 1203.4; see *People v. McLernon* (2009) 174 Cal.App.4th 569, 571–572.)

[4] Section 1203.4a authorizes dismissal of charges against defendants who are convicted of misdemeanors but were not granted probation. (§ 1203.4a, subd. (a).)

[5] Section 1203.41 allows an individual convicted of a felony, under certain circumstances, to withdraw a guilty or nolo contendere plea, or set aside a guilty verdict in the interests of justice, in the court's discretion. (§ 1203.41, subd. (a)(1).) Section 136.1, subdivision (b)(1), to which Davis pled guilty, is a wobbler. (*People v. McElroy* (2005) 126 Cal.App.4th 874, 880.) In this case, because Davis was sentenced to probation with 364 days in county jail, it is a misdemeanor offense. (*Ibid.*)

In this case, it appears the trial court may have been confused by Davis's petition, which sought relief under all three statutes. Relief was not authorized to Davis under sections 1203.4a and 1203.41, and the court did not err in denying relief under section 1203.41. When a trial court evaluates a petition under the incorrect statute or misunderstands the scope of its discretion, this is an abuse of discretion and the case must be reversed and remanded for an exercise of informed discretion, unless the record clearly indicates the same result would follow. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944 ["where the record *affirmatively* discloses that the trial court *misunderstood* the scope of its discretion, remand to the trial court is required"]; *People v. Parker* (2013) 217 Cal.App.4th 498, 501–502 [case remanded because trial court mistakenly believed an imposed but suspended sentence is a bar to section 1203.4 relief].)

We will reverse the trial court's order and remand the matter to permit the court to review the petition under section 1203.4 and exercise its discretion in accordance with that statute.

## DISPOSITION

The postjudgment order is reversed and the matter is remanded for further proceedings.


BANCROFT, J.*

WE CONCUR:


DELANEY, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.